# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA CHAVIRA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAN ANTONIO SHOE, Inc., et al.<br><br>　　　　　　Defendant. | Case No. 5:23-cv-01678-SSS-SHKx<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 9]** |

　　　Before the Court is Plaintiff Juanita Chavira's Motion to Remand Case to San Bernardino Superior Court (the "Motion") filed on September 18, 2023. [Dkt. 9]. On October 13, 2023, Defendant San Antonio Shoe, Inc. ("SAS") filed its opposition to Chavira's Motion. [Dkt. 11]. On October 20, 2023, Chavira filed her reply to SAS' opposition. [Dkt. 15]. Since Chavira's reply, SAS has filed several other filings, all of which relate to Chavira's pending Motion. [Dkt. 16, 17. 18, 19, 20]. This matter is fully briefed and ripe for review. Having reviewed the relevant pleadings, and the law regarding this issue, the Court **DENIES** Chavira's Motion in accordance with the opinion below.

-1-

## I. BACKGROUND

This case arises out of SAS' alleged failure to "design, construct, maintain, and operate its website" so as to be fully accessible to blind or visually impaired people like Chavira. [Dkt. 1-1 at 3]. Chavira alleged in her state court complaint that while attempting to navigate SAS' website, she encountered a series of accessibility barriers which violated California's Unruh Civil Rights Act and the Federal Americans with Disabilities Act. *Id*. at 15. Chavira served Defendant with the Complaint on July 19, 2023. [Dkt. 1 at 2]. On August 18, 2023, 30 days later, SAS removed the action to this Court.[1] [Dkt. 1].

On September 18, 2023, Chavira filed her Motion to Remand. [Dkt. 9]. In it, Chavira also sought sanctions for what she argues was a meritless removal. *Id*. at 8.

## II. STATEMENT OF LAW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

When a plaintiff files their complaint in state court, a defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee*

---

[1] Because SAS removed the action within 30 days of being served with the Complaint, the removal is timely. *See* 28 U.S.C. 1446.

*Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991 WLH (JPRx), 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

It is well settled that a corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018); 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the location from which its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566)).

## III. DISCUSSSION

Chavira argues remand is proper in this case because there is "no clear complete diversity of citizenship" between the parties. [Dkt. 9 at 4]. In support of this argument, Chavira contends SAS failed to disclose to the Court that (1) it is a registered foreign company in California and (2) that SAS "conducts extensive business, and has a systematic and consistent presence, in the state of

California." *Id.* at 6.² For the reasons stated below, Chavira's arguments fail. Thus, the Court **DENIES** Chavira's Motion.

### A. SAS Successfully Established Diversity Jurisdiction for Removal

As mentioned above, a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business. *Hertz*, 559 U.S. at 92–93. Here, it is undisputed that Chavira is a citizen of California for diversity purposes. [Dkt. 1-1 at 4]; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (noting "[a]n individual is a citizen of the state in which he is domiciled" with the intent to remain). As such, diversity jurisdiction under 28 U.S.C. § 1332 exists in this case so long as SAS is a citizen of any state or states other than California.

Here, SAS has met its burden in establishing that it is a citizen of Texas for purposes of diversity jurisdiction. First, the Court notes Chavira does not dispute SAS' assertion that it is incorporated in Texas. [Dkt. 10 at 8–9]. The Court finds the records SAS provided, such as SAS' certificate of incorporation with the Texas Secretary of State, to be more than sufficient to establish that SAS is incorporated in Texas. [Dkt. 12-1, 12-2, 12-3, 12-4]. Thus, the Court finds SAS is clearly a citizen of Texas based on its incorporation.

Second, as to SAS' principal place of business, the Court also finds SAS has met its burden in establishing SAS' principal place of business is within Texas. SAS provided the Declaration of Kelly Anderson, General Counsel and Secretary of SAS, in support of its arguments.³ In her declaration, Anderson

---

² Chavira also argued in her reply SAS failed to meet its burden, as the removing party, to establish San Antonio, Texas as its principal place of business. [Dkt. 15 at 3–4]. As is discussed below, this argument fails as well.

³ Chavira requested the Court strike Anderson's declaration because allegedly it was not served on her or her counsel. The Court reviewed the docket and finds the declaration was uploaded to CMECF on October 13, 2023, and as such

1  explicitly states, among other relevant parts, "SAS's headquarters is located at
2  1717 SAS Drive, , San Antonio, Texas" and, perhaps most importantly, that
3  "SAS's high-level officers direct, control, and coordinate the operation's
4  activities" from offices at 1717 SAS Drive or at other offices nearby also in San
5  Antonio. [Dkt. 12 at 4 & 7].

6        Despite Chavira's arguments to the contrary, courts in the Ninth Circuit
7  routinely hold such evidentiary offerings sufficient to establish a defendant's
8  principal place of business. *See e.g.*, *McDonald v. Gen. Motors, LLC*, 23-cv-
9  01584-CJC (DFMx), 2023 WL 7019171, at *2 (C.D. Cal. Oct. 25, 2023)
10 (finding a defendant sufficiently established its principal place of business was
11 in Michigan by submitting a declaration of its counsel stating as such); *Deleon*
12 *v. Gen. Motors, LLC*, No. 23-cv-01590-CJC(DFMx), 2023 WL 7019169, at *2
13 (C.D. Cal. Oct. 25, 2023) (holding the same); *Gonzales v. Starwood Hotels*, No.
14 16-cv-1068-GW (JEMx), 2016 WL 1611576, at *4 (C.D. Cal. Apr. 21, 2016)
15 (collecting cases). Thus, because Anderson's declaration establishes SAS'
16 corporate officers make their decisions from San Antonio, Texas, the Court
17 finds SAS established its principal place of business is within Texas.[4]

18       Because SAS was incorporated in Texas, and its principal place of
19 business is within Texas, SAS is a citizen of Texas only for diversity purposes.
20 As Chavira is a citizen of California, the Court finds there is complete diversity

---

22 Chavira's counsel should have been served with notice of the declaration via
23 email on that date. [Dkt. 12]. Thus, the Court **DECLINES** to strike Anderson's declaration.
24 [4] In support of her Motion, Chavira also provides the Court with two LinkedIn
25 profiles that she claims are profiles of officers of SAS. [Dkt. 15 at 14-18].
   Setting aside SAS' evidentiary objections to these profiles, the Court finds these
26 profiles do not negate Anderson's declaration because the profiles state the
27 alleged officers work at "SAS Properties" and "SAS Shoes" rather than SAS.
   *Id*. As such, these profiles, even if accepted as true, do not establish that
28 officers of SAS work from California or Nebraska.

between Chavira and SAS such that diversity jurisdiction exists over this case.[5] SAS' removal action was therefore proper under 28 U.S.C. § 1441(a), and Chavira's Motion is **DENIED**.

### B. Chavira's Arguments Fail

For the sake of completeness, the Court will also address Chavira's arguments that diversity jurisdiction is not established because of SAS' failure to disclose its foreign corporation status and its business contacts within California.

First, the Court emphasizes the citizenship inquiry under 28 U.S.C. § 1332 for a corporation depends on two things: (1) where the corporation was incorporated and (2) from where the officers of said corporation direct, control, and coordinate the corporation's activities. *See Hertz*, 559 U.S. at 92–93. It is clear to the Court based on the above that Chavira's arguments regarding SAS' "presence" in California do little to address whether SAS is a citizen of California or Texas. [Dkt. 9 at 6]. It is clear that an allegation of a defendant conducting extensive business in a state does not necessarily mean the Defendant is conducting *their* business from within the state. The first is a statement regarding general activity while the latter is a far more specific statement regarding leadership and direction of the corporation. Thus, the Court finds Chavira's allegations regarding SAS' "extensive business and … systematic and consistent presence" in California do not refute or even address SAS' assertion and evidence that establish its principal place of business is within Texas.

---

[5] Chavira does not challenge the sufficiency of the amount in controversy. [Dkt. 9 & 15]. As such, the Court finds, based on SAS' Notice of Removal, that the amount in controversy requirement for diversity jurisdiction is met. [Dkt. 1 at 5].

Second, the Court finds Chavira's reliance on *Cooper Tire & Rubber Company v. McCall,* 312 G.A. 422 (Ga. 2021)[6], and *Pennsylvania Fire Insurance Company of Philadelphia v. Gold Issue Mining Milling Company*, 243 U.S. 93, 37 (1917), fundamentally misunderstands and conflates personal jurisdiction with diversity based subject matter jurisdiction. Whereas diversity jurisdiction is a creature of statute with clearly laid out requirements under 28 U.S.C. § 1332, personal jurisdiction is a limitation on a court's power to render a judgment against a defendant arising out of the requirements of the Fourteenth Amendment. *See Burnham v. Sup. Ct.*, 495 U.S. 604, 609–610 (1990); *see also Goodyear Dunlop Tires Operation, S.A. v. Brown*, 564 U.S. 915, 918 (2011). As Chavira's Motion itself makes clear, *Cooper Tire* and *Pennsylvania Fire* dealt with the "concept of personal jurisdiction" not diversity jurisdiction. [Dkt. 9 at 5]. As such, Chavira's arguments regarding SAS' contacts are meritless for purposes of the remand analysis as the analysis is dependent on the successful establishment of diversity jurisdiction in this case, not personal jurisdiction.

## IV.  CONCLUSION

In accordance with the opinion above, the Court **DENIES** Chavira's Motion to Remand. [Dkt. 9]. Because SAS' removal was not meritless, the Court also **DENIES** Chavira's motion for sanction. [Dkt. 9 at 8].

The Court notes SAS objected to the evidence Chavira proffered in her reply and, because the evidence is irrelevant to the Court's determination of the Motion, SAS' objection is **DENIED** as moot. [Dkt. 17]. The Court also **DENIES** SAS' Request for Leave to File a Sur-Reply because the sur-reply is

---

[6] The Court also finds it important to emphasize that the United States Supreme Court did not issue an opinion in *Cooper Tire*. *Cooper Tire & Rubber Comp. v. McCall*, 143 S. Ct 2689 (2023). Rather, it denied certiorari so any statement by Chavira regarding this case is actually made in relation to the Georgia Supreme Court's opinion which is not binding authority. *Id.*

not necessary. [Dkt. 18]. As the Motion is resolved, the Court hereby **STRIKES** SAS' Sur-Reply, SAS' Supplemental Declaration of Kelly Anderson, and SAS' Request for Judicial Notice. [Dkt. 19, 20, 21].

**IT IS SO ORDERED.**

DATED: November 27, 2023

SUNSHINE S. SYKES
United States District Judge